UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLAYTON CANGELOSI,**<br>Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1592** |
| **STATE OF LOUISIANA,**<br>Defendant | **SECTION: "E" (3)** |

### ORDER AND REASONS

Before the Court is Defendant the State of Louisiana's motion to dismiss Plaintiff's amended complaint on the grounds that the Court lacks subject matter jurisdiction and for failure to state a claim upon which relief can be granted.[1] Plaintiff Clayton Cangelosi filed an opposition.[2] The State of Louisiana filed a reply.[3] After considering the law and the parties' arguments, the Court finds that the State of Louisiana is entitled to sovereign immunity and **GRANTS** the motion to dismiss.

Plaintiff brings this action against the State of Louisiana under 42 U.S.C. § 1983, challenging the constitutionality of recently enacted La. R.S. 32:59 and seeking injunctive and declaratory relief enjoining the State of Louisiana from enforcing the law.[4] Act 288 of the Louisiana Legislature repealed the state's prior hands-free law and enacted new restrictions prohibiting Louisiana citizens from using wireless telecommunications devices while driving motor vehicles.[5] Plaintiff alleges the statute is unconstitutional because it violates his First, Eighth, and Fourteenth Amendment rights. Specifically, he

---

[1] R. Doc. 26.
[2] R. Doc. 32.
[3] R. Doc. 33.
[4] R. Doc. 11.
[5] La. R.S. 32:59.

1

contends the law is overly restrictive and vague, and the punishment is disproportionate to conduct he characterizes as harmless.[6]

On September 25, 2025, the State of Louisiana filed the motion to dismiss currently before the Court, arguing it is entitled to sovereign immunity.[7]

## LEGAL STANDARD

### I. Rule 12(b)(1) Standard

Federal courts are courts of limited jurisdiction, possessing only the authority expressly granted and conferred by the United States Constitution or by statute.[8] Eleventh Amendment sovereign immunity deprives federal courts of subject-matter jurisdiction over actions by citizens against a state.[9] A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[10] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[11] The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction.[12] "[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety."[13] "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should

---

[6] R. Doc. 11.
[7] R. Doc. 26.
[8] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[9] *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).
[10] *See* FED. R. CIV. P. 12(b)(1).
[11] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).
[12] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[13] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502 (2006).

consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[14]

## LAW AND ANALYSIS

Under the Eleventh Amendment, "the judicial power of the United States shall not be construed to extend to any suit, in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state."[15] This grant of immunity extends to federal suits against a state brought by citizens of that state.[16] In fact, "[t]he 'ultimate guarantee of the Eleventh Amendment' . . . is that a non-consenting State may not be sued in federal court by private individuals, including its own citizens."[17] Unless sovereign immunity is waived, expressly abrogated by Congress, or consented to by the State, sovereign immunity bars suits against states by citizens of that state.

In the present action, Plaintiff sues the State of Louisiana under 42 U.S.C. § 1983, seeking declaratory and injunctive relief to enjoin enforcement of a recently enacted Louisiana law.[18] The State of Louisiana has not waived its sovereign immunity from § 1983 claims, nor has Congress expressly abrogated state sovereign immunity from § 1983 claims.[19] Nonetheless, Plaintiff argues that sovereign immunity does not apply because of the *Ex parte Young* exception.[20] Under *Ex parte Young*, a plaintiff may sue a state official in his official capacity if the action seeks prospective relief to redress an ongoing violation

---

[14] *Ramming*, 281 F.3d at 161.
[15] U.S. CONST. amend. XI.
[16] *Bowling, et al. v. Pence*, 39 F. Supp. 3d 1025, 1029 (S.D. Ind. 2014).
[17] *Williams v. Louisiana*, 2015 WL 5318945, at *6 (M.D. La. Sept. 11, 2015) (quoting *Board of Trustees of the University of Alabama, et al. v. Garrett, et al.*, 531 U.S. 356, 363 (2001)).
[18] R. Doc. 11 at ¶ 23, p. 4.
[19] La. R.S. 13:5106(A); *Champagne v. Jefferson Par. Sheriff's Off.*, 188 F.3d 312, 314 (5th Cir. 1999) (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)).
[20] *Ex parte Young*, 209 U.S. 123, 167-68 (1908).

of federal law.[21] This exception is based on the legal fiction that a state official is "not the state for sovereign-immunity purposes" when a "federal court commands [him or her] to do nothing more than refrain from violating federal law."[22]

There are three elements that must be met for the action to fall under *Ex parte young*: (1) it must be brought against state officers who are acting in their official capacities; (2) seek prospective relief to redress ongoing conduct; and (3) allege a violation of federal, not state, law.[23]

Plaintiff does not meet the first element required for his action to fall under the *Ex parte Young* exception. Plaintiff sued only the State of Louisiana in federal court, alleging that the State of Louisiana, not a state official acting in an official capacity, is violating his federal constitutional rights. This is in direct contravention to the fundamental principle that "it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without [the sovereign's] consent."[24] In our federal system, each State is a sovereign entity, preventing it from being hailed into federal court absent any exception or abrogation of its immunity. Therefore, the State of Louisiana is immune from Plaintiff's claims, and this action will be dismissed.[25]

Accordingly,

---

[21] *Id.*
[22] *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011).
[23] *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015).
[24] *Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*, 527 U.S. 627, 634 (1999) (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)).
[25] If a 12(b)(1) analysis indicates that a court lacks subject matter jurisdiction, then the case must be dismissed without prejudice. *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020).

**IT IS ORDERED** that Defendant's motion to dismiss[26] is **GRANTED WITHOUT PREJUDICE** for lack of subject matter jurisdiction as the State of Louisiana is entitled to sovereign immunity.

New Orleans, Louisiana, this 30th day of October, 2025.

*[signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

**CLERK TO NOTIFY VIA MAIL:**

Mr. Clayton Cangelosi
2357 Caddy Drive
Marrero, LA 70072

---

[26] R. Doc. 26.

5